IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANGEL M. FELICIANO,**
    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 18-1992 (BJM)

## OPINION & ORDER

Plaintiff Angel M. Feliciano ("Feliciano") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 3. In due course, the Commissioner filed a consent motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the court reverse and vacate the agency's termination of benefits in accord with 42 U.S.C. § 405(u) and that Feliciano's benefits be reinstated retroactive to the date of termination. Dkt. 29. The parties having consented to proceed before me, Dkts. 5, 7, I granted the motion. Dkt. 30. Judgment in the case was entered on April 2, 2020. Dkt. 31.

On June 12, 2020, Feliciano's counsel, Pedro G. Cruz Sanchez ("Cruz"), filed a motion for attorney fees in the amount of $4,650.76 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 32. I granted the motion for attorney fees accordingly. Dkt. 34.

On November 8, 2024, Cruz filed a motion requesting attorney fees pursuant to § 406(b) of the Social Security Act ("406(b)") in the amount of $14,000. Dkt. 35 at 1. The government responded. Dkt. 37. For the reasons explained below, Cruz's motion for attorney fees pursuant to 406(b) is **DENIED**.

Case 3:18-cv-01992-BJM   Document 38   Filed 12/06/24   Page 2 of 5

*Feliciano v. Comm'r of Soc. Sec.*, Civil. No. 18-1992 (BJM)                                                        2

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-

Case 3:18-cv-01992-BJM    Document 38    Filed 12/06/24    Page 3 of 5

*Feliciano v. Comm'r of Soc. Sec.*, Civil. No. 18-1992 (BJM)                                         3

96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Furthermore, District of Puerto Rico Local Rule 9(d)(2) was amended effective on February 28, 2022 to state that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b)

Case 3:18-cv-01992-BJM   Document 38   Filed 12/06/24   Page 4 of 5

*Feliciano v. Comm'r of Soc. Sec.*, Civil. No. 18-1992 (BJM)                                          4

shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *See* 03-MC-115, Dkt. 71-1. Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

The fee agreement between Feliciano and Cruz provides for Cruz to receive up to 25 percent of Feliciano's past-due benefits. Dkt. 35-1.

The award notice (termed the Notice of Award, or "NOA") sent by the agency that advised Feliciano of his past-due benefits and the amount withheld to pay attorney fees was dated February 8, 2023. Dkt. 37-1. Cruz claims that he did not receive the NOA until October 13, 2024. Dkt. 35 at 1. The government alleges the motion is untimely under either date. Dkt. 37 at 2. Local Civil Rule 9(d)(2), amended on June 9, 2023, states a party seeking 406(b) attorney fees has fourteen days after counsel's receipt of the NOA to file such a request.

Cruz claims the NOA dated February 8, 2023 was sent to another attorney, Dkt. 35 at 1; however, it appears the NOA was in fact addressed to Cruz. Dkt. 37-1. A fourteen-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended NOA to counsel. *Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022); D.P.R. Civ. R. 9(b)(2); *see also* L.Civ.R. 9(d)(2). Social security regulations state the date of notification is considered to be five days after the date on the notice. *See* 20 C.F.R. §404.1703. As such, taking these five days into account, the motion for attorney's fees was due by February 27, 2023. Cruz filed the motion on November 8, 2024, more than a year after the motion of attorney's fees was due.

*Feliciano v. Comm'r of Soc. Sec.*, Civil. No. 18-1992 (BJM)                                                                 5

Even if we credit Cruz's argument that he did not receive the NOA until October 13, 2024, Cruz's motion would still be untimely. Again, taking into account the five days after the date of notice, the motion would have been due on November 1, 2024 and he did not file his motion for 406(b) fees until a week later. As a result of the above, I find that Cruz's motion for 406(b) fees is untimely.

## CONCLUSION

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of December, 2024.

                                                      S/ *Bruce J. McGiverin*
                                                      BRUCE J. MCGIVERIN
                                                      United States Magistrate Judge